## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**ARCHIE CLEVELAND JONES, JR.**                                    **PLAINTIFF**

**v.**                                  **CIVIL ACTION NO. 3:18-CV-884-HSO-JCG**

**NICK MCLENDON, et al.**                                           **DEFENDANT**

### REPORT AND RECOMMENDATION

BEFORE THE COURT are the following motions: the Motion for More Definite Statement (ECF No. 31) filed by Defendant Rankin County and Plaintiff Archie Cleveland Jones, Jr.'s Letter Response (ECF No. 32); the Motion to Dismiss (ECF No. 33) and Memorandum in Support (ECF No. 34) filed by Defendant Nick McLendon; and Rankin County's Motion for Summary Judgment (ECF No. 36) and Memorandum in Support (ECF No. 37). Plaintiff has filed a single reply to the Motion to Dismiss and the Motion for Summary Judgment (ECF No. 39), and each Defendant has filed a Reply (ECF Nos. 40 & 41). Having considered the submissions of the parties, the record, and relevant legal authority, the undersigned recommends that the Motion for More Definite Statement (ECF No. 31) be found as moot, the Motion to Dismiss (ECF No. 32) be granted, and the Motion for Summary Judgment (ECF No. 37) be granted.

### I. BACKGROUND

Plaintiff Archie Cleveland Jones filed suit pursuant to 42 U.S.C. § 1983 on December 26, 2018. At the time of filing, he was an inmate at the South Mississippi Correctional Institution in Leakesville, Mississippi. His Complaint originally named

1

Vicky Williams, an Assistant District Attorney in Rankin County, Mississippi; Jared K. Tomlinson, his criminal defense attorney; and Nick McLendon, a detective, as Defendants. He later added Rankin County as a Defendant (ECF Nos. 17 & 18). Williams and Tomlinson have already been dismissed, as Jones' claims against them were barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (ECF No. 19).

Jones alleges that on May 27, 2015, McLendon conducted an illegal traffic stop and illegally searched his truck before arresting him. He also contends that his 2005 freightliner century was seized the following day, while in the following months, his drivers were stopped, and his trucks were again seized (ECF No. 15). Additionally, he argues various officers used improper interrogation tactics following his arrest. He seeks to hold Rankin County liable for the actions of its officers; however, the only officer named is McLendon (ECF No. 17).

On September 19, 2019, Rankin County filed a Motion for More Definite Statement (ECF No. 31), seeking the name of Jones' business, the names of the other drivers, the law enforcement agency that stopped Jones' drivers, and more information about the trucks and trailers that were seized. Although not labeled as a response, Jones filed a letter (ECF No. 32) on September 27, 2019. He states that two trucks were taken from him by either the Rankin County Police Department or the Florence Police Department, and he provides the Vehicle Identification Number and Tag Number for one truck, a description of both trucks, and the names of each driver. He also contends Rankin County should be liable for the loss of a third truck,

five personal vehicles, and his home, because he lost them when his business "went under" as a result of the incidents. Rankin County has since filed its Answer (ECF No. 35).

On October 1, 2019, McLendon filed a Motion to Dismiss (ECF No. 33) and a Memorandum in Support (ECF No. 34). He argues that Jones' suit was filed after the statute of limitations expired, Jones' claims against him are *Heck* barred, and Jones cannot demonstrate a constitutional violation, which entitles him to qualified immunity on the individual capacity claims and defeats his official capacity claims.

Rankin County filed its Motion for Summary Judgment (ECF No. 36) and Memorandum in Support (ECF No. 37) on October 16, 2019. It contends it cannot be held liable for the actions of the Richland Police Department or the Mississippi Bureau of Narcotics, the two entities involved in the forfeiture proceedings, nor can it be held vicariously liable for any employees' actions; Jones' claims of deprivation of property are a collateral attack on state court judgments and are thus barred by the *Rooker-Feldman* doctrine; Jones' claims are barred by the statute of limitations; and Jones has not alleged any of the elements necessary to show *Monell* liability.

Jones filed a single response (ECF No. 39) to both Motions, which is a recitation of his earlier allegations. Each Defendant has filed a Reply (ECF Nos. 40 & 41). The Court characterizes Jones claims as ones for unlawful arrest, unlawful search, and unlawful interrogation, which occurred during and after the initial traffic stop in the summer of 2015, and two claims for deprivation of property (ECF No. 19). According to Jones, the first deprivation of property occurred in May 2015,

with additional deprivations in June and July 2015. Based on the information provided by Rankin County, the forfeiture proceedings of the first vehicle occurred between May and September of 2015 with additional forfeiture proceedings occurring between September 2016 and March 2017. (ECF Nos. 36, 36-2, & 36-3).

## II. DISCUSSION

### A. Legal Standards

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must assess whether the complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Spitzberg v. Hous. Am. Energy Corp.*, 758 F.3d 676, 683 (5th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint need not contain detailed factual allegations, but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 8(a) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). The Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014).

Under Federal Rule of Civil Procedure 56, summary judgment is mandated "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When evaluating a motion for summary judgment, the Court must construe "all facts and inferences in the light most favorable to the non-moving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010)).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)). If the movant carries this burden, the burden shifts to the non-moving party to show that summary judgment should not be granted. *Id.* at 324. "The non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial to avoid summary judgment." *Abarca v. Metro Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005) (citing *Celotex Corp.*, 477 U.S. at 324). In the absence of any proof, the Court will not assume that the Plaintiff "could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Because Jones is a prisoner pursuing a civil action seeking redress from government employees, the Prison Litigation Reform Act (PLRA) applies and

requires that this case be screened. The PLRA provides that "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B). Accordingly, the statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

### B. Statute of Limitations

"Section 1983 does not prescribe a statute of limitations. Instead, '[t]he statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state.'" *Heilman v. City of Beaumont*, 638 Fed. App'x 363, 366 (5th Cir. 2016) (quoting *Piotrowski v. City of Hous.*, 237 F.3d 567, 576 (5th Cir. 2001)) (alteration in original). Mississippi has a three-year statute of limitations for personal injury claims. *Edmonds v. Oktibbeha Cty.*, 675 F.3d 911, 916 (5th Cir. 2012). Even though this Court looks to the state statute of limitations, "federal law governs when an action under § 1983 accrues." *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993) (citing *Lavellee v. Listi*, 611 F.2d 1129, 1130 (5th Cir. 1980)). Such an action "accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.'"

6

*Id.* (internal citations omitted).

Jones became aware of his injuries for unreasonable search, unlawful interrogation, and the first deprivation of property on the day those injuries occurred. *See Humphreys v. City of Ganado*, 467 Fed. App'x 252, 255-56 (5th Cir. 2012) (collecting cases). *See also Jaramillo v. Renner*, 697 Fed. App'x 326, 326 (5th Cir. 2017) (search and seizure); *Johnson v. Bolivar Cty.*, No. 2:08-cv-226-M-D, 2009 WL 4855988, at *2 (N.D. Miss. Dec. 9, 2009) (tactics in interrogation); *Winslow v. Arlington Police Dep't*, No. 4:04-cv-601Y, 2005 WL 1017997, at *1 (N.D. Tex. Apr. 26, 2005) (deprivation of property). It is uncontroverted that McLendon stopped Jones and searched his truck on May 27, 2015, arrested him, and transported him to the police station where the interrogation occurred, and the truck was seized on May 28, 2015 (ECF No. 15). Further, Jones has not contradicted the evidence that the initial forfeiture proceedings occurred between May 28, 2015 and September 30, 2015 (ECF No. 36-2). However, he did not sign his Complaint (ECF No. 1) until December 11, 2018. Therefore, these claims are barred by the statute of limitations.

Jones claim for false arrest presents a more difficult statute of limitations question. "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest . . . begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007). This could occur when a plaintiff appears before a magistrate, is bound over for trial, is arrested pursuant to a warrant, or is indicted *Id.* at 391; *Powell v. Wagner*, No. H-17-1361, 2018 WL 9439864, at *2 (S.D. Tex. July 31, 2018); *Shepherd v. Fanning*, No. 17-2694, 2017

7

WL 2671706, at *4 n.4 (E.D. La. June 21, 2017). The date Jones was detained pursuant to legal process is not apparent from the record. He contends he was arrested without a warrant, and Defendants do not contradict that assertion. He was not indicted until February 17, 2019 (ECF No. 33-1). Because the date Jones' was detained pursuant to legal process cannot be ascertained from the record, the undersigned cannot determine when Jones' false arrest claim accrued. Therefore, it would be improper to determine that this claim is barred by the statute of limitations. *See Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008). Further, because the second forfeiture proceedings occurred between September 19, 2016 and March 29, 2017 (ECF No. 36-3), Jones' deprivation of property claim related to this forfeiture is not barred by the statute of limitations.

However, with respect to the unreasonable search, unlawful interrogation, and the first deprivation of property claims that are time-barred, Jones indicates he was prevented from timely filing because he was moved from one facility to another and his paperwork got lost (ECF No. 15). The undersigned has construed this statement as an argument that he is entitled to equitable tolling. However, equitable tolling "is available in rare and exceptional circumstances 'to prevent a plaintiff from unjustly losing a claim vigorously pursued." *Johnson v. Johnson*, No. 3:04-cv-393-HTW-FKB, 2013 WL 786321, at *4 (S.D. Miss. Mar. 1, 2013) (quoting *Galada v. Gatson-Riley*, No. 1:07-cv-937-LG-JMR, 2010 WL 3120069, at *11 (S.D. Miss. June 24, 2010)). Plaintiff has provided no information about what was contained in the lost documents, when they were lost, or how long they were lost for.

He has not shown that the missing documents prevented him from filing this action; therefore, he has not demonstrated he is entitled to equitable tolling. *See Molemohi v. New York*, No. 18-cv-9740-GBD-JLC, 2019 WL 4941678, at *5 (S.D.N.Y Oct. 8, 2019) ("Generally, transfers between prison facilities . . . and an inability to secure court documents do not by themselves qualify as extraordinary circumstances"); *Goldwater v. Arpaio*, No. 06-1784-PHX-SMM, 2007 WL 1577891, at *2-3 (D. Ariz. May 31, 2007) (plaintiff was not entitled to equitable tolling where he failed to show how three lost boxes of legal documents impacted his ability to timely file his action). Because he is not entitled to equitable tolling, Jones unlawful search, unlawful interrogation, and first deprivation of property claims should be dismissed.

### C. Vicarious Liability and *Monell* Liability

With respect to Jones' claims for unlawful arrest and the second deprivation of property, the Defendants argue that there is no *Monell* liability and they cannot be held vicariously liable. Jones alleges that McLendon is liable in his individual and official capacities and Rankin County is liable for the actions of the officials they employ. However, "[s]ection 1983 does not create supervisory or *respondeat superior* liability." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). For a plaintiff to have a cause of action under § 1983, "the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Chandler v. Epps*, Civil Action No. 3:14-cv-603-CWR-FKB, 2016 WL 1183605, at *2 (S.D. Miss. Mar. 25, 2016) (quoting *Jolly v. Klein*, 923 F. Supp.

9

931, 943 (S.D. Tex. 1996)). Neither Defendant can be liable for the actions of others. Plaintiff also does not indicate that McLendon was involved with the second deprivation of property. He does not name the officer or officers that stopped his drivers, and the second forfeiture proceeding was conducted by the Mississippi Bureau of Narcotics (ECF No. 36-3).

To the extent Jones is alleging that Defendants are liable under *Monell*, a local government is liable under § 1983 when the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 694 (1978). This requires proof of "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski*, 237 F.3d at 578 (citing *Monell*, 436 U.S. at 694).

The closest Jones comes to alleging an official policy is that he was subjected to a pattern of traffic stops and seizures (ECF No. 15 at 2-4). Because Jones has not alleged that there was a written policy, he must show that the policy is "a widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009) (quoting *Piotrowski*, 237 F.3d at 579). However, he has not alleged that any other drivers were affected by a policy of illegal traffic stops and seizures. Because Jones has only shown "isolated instances" involving himself and his two drivers, he has failed to show a custom that constitutes municipal policy. *Peterson*, 588 F.3d at 850-851 (citing *McConney v. City of Hous.*, 863 F.2d 1180,

1184 (5th Cir. 1989)). Neither McLendon or Rankin County can be held liable for the actions of others, nor can they be held liable under *Monell*. All of Jones' claims against Rankin County should be dismissed, as should his claims against McLendon in his official capacity and his deprivation of property claim against McLendon in his individual capacity.

### D. *Heck* Bar

Jones' only remaining claim is his false arrest claim against McLendon in his individual capacity. McLendon alleges that Jones' claim for false arrest is *Heck* barred. Under this doctrine, a plaintiff has "no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 489. As previously noted, Jones' conviction remains valid (ECF No. 19). He has not provided any evidence to the contrary.

"*Heck* does not allow a civil rights lawsuit to be an alternative vehicle to a criminal case for challenging law enforcement decisions that resulted in arrest or prosecution unless the criminal case was resolved 'in favor of the accused.'" *Morris v. Mekdessie*, 768 Fed. App'x 299, 301 (5th Cir. 2019) (quoting *Heck*, 512 U.S. at 484). The Fifth Circuit has "specifically noted that false-arrest and malicious-prosecution claims challenge the existence of probable cause and thus, by their essence are collateral attacks on a criminal judgment's validity . . . . Such attacks run afoul of *Heck's* 'policy of finality.'" *Cormier v. Lafayette City-Parish Consol. Gov't*, 493 Fed. App'x 578, 583 (5th Cir. 2012) (citing *Conner v. Graves*, 538 F.3d

373, 378 (5th Cir. 2008); *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995)). In order to succeed on his false arrest claim, Jones must show that he was arrested without probable cause; however, his conviction "necessarily impl[ies] that there was probable cause for his arrest." *Ducksworth v. Rook*, 647 Fed. App'x 383, 386 (5th Cir. 2016). This is unchanged by Jones' decision to plead guilty. *Thomas v. Pohlmann*, 681 Fed. App'x 401, 406 (5th Cir. 2017). Therefore, Jones' false arrest claim also fails.

### E. Motion for More Definite Statement

After Jones filed his letter (ECF No. 32) in response to Rankin County's Motion for More Definite Statement (ECF No. 31), Rankin County filed its Answer (ECF No. 35) and Motion for Summary Judgment (ECF No. 36). Because the undersigned finds that the Motion for Summary Judgment should be granted, the Motion for More Definite Statement is rendered moot.

### III. RECOMMENDATION

Based on the above analysis, the undersigned recommends that Rankin County's Motion for More Definite Statement (ECF No. 31) be found as moot; Nick McLendon's Motion to Dismiss (ECF No. 33) be granted; and Rankin County's Motion for Summary Judgment (ECF No. 36) be granted.

### IV. NOTICE OF RIGHT TO OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the

> clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 16th day of April, 2020.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE