**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**ARCHIE CLEVELAND JONES, JR.**                      **PLAINTIFF**

**v.**                           **CIVIL NO. 3:18cv884-HSO-JCG**

**NICK MCLENDON, et al.**                      **DEFENDANTS**

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [44], GRANTING DEFENDANT NICK MCLENDON'S MOTION [33] TO DISMISS AND DEFENDANT RANKIN COUNTY'S MOTION [36] FOR SUMMARY JUDGMENT, AND FINDING AS MOOT DEFENDANT RANKIN COUNTY'S MOTION [31] FOR A MORE DEFINITE STATEMENT

BEFORE THE COURT are Defendant Nick McLendon's Motion [33] to

Dismiss, Defendant Rankin County's Motion [31] for More Definite Statement and

its Motion [36] for Summary Judgment, and United States Magistrate Judge John

C. Gargiulo's Report and Recommendation [44], which recommends granting the

Motion [33] to Dismiss and the Motion [36] for Summary Judgment, finding as moot

the Motion [31] for More Definite Statement, and dismissing the case with

prejudice.   Plaintiff has not objected to the Report and Recommendation.

After due consideration of the Motions, the Report and Recommendation [44],

and relevant legal authority, the Court finds that Defendant McLendon's Motion

[33] to Dismiss should be granted, Defendant Rankin County's Motion [36] for

Summary Judgment should be granted, Defendant Rankin County's Motion [31] for

More Definite Statement should be found moot, and the Magistrate Judge's Report

and Recommendation [44] should be adopted as the opinion of the Court.

Plaintiff's claims will be dismissed.

## I.   BACKGROUND

A.   Factual background

Plaintiff Archie Cleveland Jones, Jr. ("Jones") alleges that on May 27, 2015,
he was illegally stopped while driving on Interstate 20 West in Pelahatchie,
Mississippi, and was searched by Defendant Nick McLendon ("McLendon"), a
detective with the Richland Police Department.   Compl. [1] at 4; Resp. [15] at 1;
Resp. [17] at 1-3.   Jones contends that his 2005 Freightliner Century was seized by
the Richland Police Department on May 28, 2015, and that in the following months
his drivers at his trucking company were stopped and his other trucks were seized.
Resp. [15] at 2-3; Resp. [17] at 3-4.   The vehicle seized in May was forfeited on
September 30, 2015, Def. Ex. 1, Richland Forfeiture [36-2] at 3, and the additional
vehicles were forfeited on March 29, 2017, Def. Ex. 1, Bureau of Narcotics
Forfeiture [36-3] at 11.   Jones also asserts that various unnamed Rankin County
officers employed improper tactics by targeting him for traffic stops, illegally
searching his vehicles, eliciting incriminating statements from him after he was
found with marijuana, and manipulating him to sign a waiver of his right to
counsel.   Resp. [15] at 3-4; Resp. [17] at 2-3.

B.     Procedural history

Jones filed a pro se Complaint [1] in this Court on December 26, 2018,

asserting various deprivations of his constitutional rights under 42 U.S.C. § 1983.

Compl. [1].   He claims violations of his Fourth, Eighth, Fourteenth, and Twenty-

Fourth Amendment rights. *Id.* at 4.   McLendon was initially named as a Defendant

and Rankin County, Mississippi ("Rankin County"), was later added to the suit

when various other defendants were dismissed.   *Id.*; Order [18]; Mem. Opinion and

Order of Partial Dismissal [19].

Rankin County filed a Motion [31] for More Definite Statement requesting

that Plaintiff clarify the name of his business, the names of his drivers who were

stopped in June and July 2015, the identities of the law enforcement agencies who

stopped the drivers in June and July 2015, and descriptions of the properties seized

in June and July 2015.   Rankin County Mot. [31] at 3.   Jones responded on

September 27, 2019, Resp. [9], and Rankin County did not file a reply.

On October 1, 2019, McLendon filed a Motion [33] to Dismiss on grounds that

the suit was barred by the statute of limitations and by *Heck v. Humphrey*, 512 U.S.

477 (1994), that it failed to demonstrate a violation of a constitutional right, and

that McLendon was entitled to qualified immunity.   McLendon Mot. to Dismiss

[33] at 3-6.   Rankin County then filed a Motion [36] for Summary Judgment

asserting that it had no personal involvement in the claims Jones raises, and that

even if it was involved, the claims should be dismissed pursuant to the *Rooker-*

3

*Feldman* doctrine or on grounds of res judicata.   Rankin County further argued that the claims were barred by the three-year statute of limitations.   Mot. for Summ. J. [36] at 1-2.   Jones filed one Response to these Motions, Resp. [39], to which both Defendants replied, Rankin County Reply [40]; McLendon Reply [41].

On April 16, 2020, the Magistrate Judge entered a Report and Recommendation [44] recommending that McLendon's Motion [33] to Dismiss and Rankin County's Motion [36] for Summary Judgment be granted, and that Rankin County's Motion [31] for More Definite Statement be deemed moot.   R. & R. [44] at 12.   No party has filed an objection to the Report and Recommendation, and the time for doing so has passed.   *See id.*

## II.   DISCUSSION

### A.   Standard of review

Where a petitioner has filed objections to a magistrate judge's Report and Recommendation, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."   28 U.S.C. § 636(b)(1); *see also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (party filing written objections is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made" (emphasis in original)).   A court is not required to make new findings of fact in order to conduct a de novo review.   *Warren v. Miles*, 230 F.3d 688, 694-95 (5th Cir. 2000).   Nor is a

court required to reiterate the findings and conclusions of the magistrate judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

However, where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Neither Jones nor any Defendant has filed an objection to the Report and Recommendation. The Court thus need only review the Report and Recommendation to evaluate whether it is clearly erroneous, constitutes an abuse of discretion, or is contrary to law. *See id.* Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. *See id.* Dismissal is warranted.

## III.   CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Magistrate Judge's Report and Recommendation [44], entered in this case on April 16, 2020, is **ADOPTED** as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant Nick McLendon's Motion [33] to Dismiss is **GRANTED**, that Defendant Rankin County's

Motion [36] for Summary Judgment is **GRANTED**, and that Defendant Rankin County's Motion [31] for More Definite Statement is **MOOT**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITH PREJUDICE**.   The Court will enter a separate final judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 19th day of May, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

6